1  Colleen A. Snyder (SB No. 274064)
   Snyder & Shaw LLP
2  3220 S. Higuera Street, Suite 220
   San Luis Obispo, CA 93401
3  Telephone: (805) 439-4646
4  Facsimile: (805) 301-8030
   colleen@snydershaw.com
5
6  Attorney for Plaintiff

7

8  # UNITED STATES DISTRICT COURT

9  # NORTHERN DISTRICT OF CALIFORNIA

10

11 | M.C., a conserved adult; by and through his conservator, Amy Dorsey, | CASE NO.: 1:24-cv-08680 |
12 | | **[**~~PROPOSED~~**] ORDER APPOINTING GUARDIAN AD LITEM** |
   | Plaintiff, | |
13 | v. | |
14 | Del Norte Unified School District, | |
15 | Defendant. | |

16

17    On December 3, 2024, Amy Dorsey, as conservator of M.C., a disabled adult, and

18 Defendant Del Norte Unified School District ("the District"), filed a Joint Petition for Approval

19 of Minor's Compromise. The same day, Plaintiff M.C. filed a petition to appoint his mother,

20 Amy Dorsey, as *guardian ad litem* to represent him in this matter.

21    "To maintain a suit in a federal court, a child or mental incompetent must be represented

22 by a competent adult." *Doe ex rel. Sisco v. Weed Union Elementary School Dist*., 2:13-cv-

23 01145, 2013 WL 2666024 at *1 (E.D. Cal. June 12, 2013) (citation omitted). Rule 17(c) governs

24 the appearance of minors and incompetent persons in federal court. Rule 17(c)(1) prescribes:

25 "The following representative may sue or defend of behalf of a minor or incompetent person: (A)

26 a general guardian; (B) a committee; (C) a conservator; or (D) a like fiduciary." Rule 17(c)(2)

27 states that, "[a] minor or an incompetent person who does not have a duly appointed

28 representative may sue by a next friend or by a guardian ad litem. The court must appoint a

1  guardian ad litem — or issue another appropriate order — to protect a minor or incompetent
2  person who is unrepresented in an action."

3      A court has broad discretion in ruling on a *guardian ad litem* application. *Basque v. Cty.*
4  *of Placer*, 2017 U.S. Dist. LEXIS 117290 at *2 (E.D. Cal. July 26, 2017). In general, a parent is
5  presumed to act in his or her child's best interest. See *Parham v. J.R.*, 442 U.S. 584, 604 (U.S.
6  1979) (noting general presumption that parents are presumed to act in the child's best interest).
7  Upon review, the Court finds Plaintiff M.C.'s request to appoint Amy Dorsey as his *guardian ad*
8  *litem* should be granted. Ms. Dorsey, as Plaintiff M.C.'s mother and conservator, is presumed to
9  act in his best interests, and there is nothing before the Court to undermine that presumption
10 here.

11     Accordingly, **IT IS ORDERED** that:

12     1. Plaintiff M.C.'s "Petition for Guardian ad Litem" is GRANTED; and

13     2. Amy Dorsey is hereby appointed as Plaintiff M.C.'s guardian ad litem.

Dated: **December 10, 2024**

UNITED STATES ~~DISTRICT~~ JUDGE
**MAGISTRATE**